JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LARRY ANDERSON and MICHELE CAMP ANDERSON, <br><br> Plaintiffs, <br><br> vs. <br><br> PHH MORTGAGE, NDEX WEST, LLC and DOES 1 to 100, inclusive, <br><br> Defendants. | Case No.: SACV 12-01192-CJC(RNBx) <br><br><br> **ORDER DISMISSING PLAINTIFFS' COMPLAINT** |

**I. INTRODUCTION**

Plaintiffs Larry Anderson and Michele Camp Anderson (together, "the Andersons") brought this action against Defendants PHH Mortgage ("PHH") and NDEX West, LLC (together, "Defendants") in the Superior Court of California for the County of Orange on June 22, 2012. (*See* Dkt. No. 1 Exh. 1 ["Compl."].) On July 23, 2012, Defendants removed this action to federal court based on diversity jurisdiction. (Dkt. No.

1.) The Andersons' Complaint alleges causes of action for negligence, breach of contract, promissory estoppel, accounting, and violations of California's Unfair Competition Law ("UCL"). On August 14, 2012, the Court issued an order to show cause ("OSC") why this case should not be dismissed for failure to state a claim upon which relief can be granted. (Dkt. No. 5.) The Andersons filed their opposition to the OSC on August 29, 2012. (Dkt. No. 6.) Defendants filed their response on September 9, 2012. (Dkt. No. 7.) Having considered the papers submitted by the parties, the Court **DISMISSES** the Andersons' Complaint **WITHOUT LEAVE TO AMEND**.

## II. BACKGROUND

The Andersons' Complaint concerns property located at 31322 Paseo Cadiz, San Juan Capistrano, CA 92675 ("Subject Property"). Though not explicitly pleaded in the Complaint, the Andersons apparently obtained a mortgage loan from PHH to purchase the Subject Property. The Andersons allege that in 2009, they suffered a temporary financial setback, and were unable to make the entire payment on the loan. (Compl. ¶¶ 43–44.) They allege that during telephone calls with PHH representatives, the Andersons were told they could apply for a loan modification under the Home Affordable Refinance Program ("HAMP") or another in-house modification program. (*Id.* ¶ 45.) The Andersons also allege they were told by PHH representatives "don't worry about the sale…[w]e'll get the loan modification," and that there would be no trustee sale during the review of their loan modification application. (*Id.* ¶ 47.) While making these representations, PHH was allegedly preparing to sell their home in a trustee sale scheduled for July 5, 2012. (*Id.* ¶ 46.) The sale was subsequently postponed until September 5, 2012. (Dkt. No. 8 at 2.) On September 4, 2012, the Andersons moved for a temporary restraining order to prevent the trustee sale. (Dkt. No. 8.) The Court denied their motion on September 6, 2012, because they had failed to show a likelihood of

success on the merits.  (Dkt. No. 9.)  The Court is unaware of whether the sale actually took place on September 5, 2012 as scheduled.

## III. ANALYSIS

The legal standard in deciding whether the Andersons have stated a claim on which relief may be granted is the same as for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  The issue on a 12(b)(6) motion is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted.  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.  *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994).  Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although the district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment of the complaint would be futile.  *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008).

### A. Tender Rule

The Andersons' claims are premised on what they allege was the wrongful non-judicial foreclosure and sale process commenced on the Subject Property by Defendants.  However, the Andersons have failed to tender the amount due on their loan.  "Under

California law, the 'tender rule' requires that as a precondition to . . . any cause of action implicitly integrated to the [foreclosure] sale, the borrower must make a valid and viable tender of payment of the secured debt." *Johnson v. Mortg. Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 154341, No. CV 11-08038, at *5 (C.D. Cal. Nov. 3, 2011) (quoting *Montoya v. Countrywide Bank, F.S.B.,* No. CV 09-00641, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009)); *see Karlsen v. Am. Sav. & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971); *Arnolds Mgmt. Corp. v. Eischen*, 158 Cal. App. 3d 575, 578 (1984). Since the Andersons have not alleged that they have tendered, or could tender, the outstanding amount due on the defaulted loan, their claims for relief that are related to, or derive from, the foreclosure proceedings on the Subject Property must be dismissed. The Andersons' claims also suffer from other deficiencies that the Court now addresses.

### B. Negligence

The Andersons' first cause of action is for negligence. They allege that PHH owed them a duty to "exercise reasonable care and skill to maintain proper and accurate loan records and to discharge and fulfill the other incidents attendant to the maintenance, accounting and servicing of loan records . . . ." (Compl. ¶ 57.) They allege an additional duty to properly implement "loan modification programs and [follow] the existing governmental orders against it." (*Id.* ¶ 58.) Contrary to the Andersons' allegations, PHH owed them no such duties. *See Nymark v. Heart Fed. Savings & Loan Ass'n,* 231 Cal. App. 3d 1089, 1096 (1991) ("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); *see also Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 741 (2010) (explaining that a bank generally owes no duty of care to borrowers but "may be liable in negligence if it fails to discharge its contractual duties with reasonable care"). Although the Andersons allege that PHH "stepped outside their normal duties as lenders and servicers and assumed additional

responsibility when they undertook efforts to modify loans", *id.*, this conclusory allegation does not demonstrate a relationship exceeding PHH's conventional role as a lender and servicer.[1]

### C. Breach of Contract

The Andersons also assert a claim for breach of contract. They allege that Defendants breached a Federal Consent Judgment ("Judgment"), which prohibited Defendants from reviewing loan modification applications while simultaneously moving to sell homes in foreclosure sales, and from assuring debtors that they would obtain loan modifications. (Compl. ¶ 72.) The Andersons are not a party to the Judgment, and they have not alleged that they are third party beneficiaries to the Judgment. Therefore, they lack standing to enforce it.

### D. Promissory Estoppel

The Andersons also make claims for promissory estoppel. In order to state a claim for promissory estoppel, the Andersons must allege (1) a promise clear and unambiguous in its terms, (2) that they relied on the promise, (3) that their reliance was both reasonable and foreseeable, and (4) that they were injured by their reliance. *See Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011) (quoting *Advanced Choices, Inc. v. State Dep't of Health Servs.*, 182 Cal. App. 4th 1661, 1672 (2010)). The promise cannot be vague, general, or of indeterminate application. *Aguilar v. Int'l Longshoremen's Union Local*

---

[1] The Andersons' negligence claim suffers from another pleading deficiency. The Andersons also fail to allege causation beyond mere conclusions. They allege that "[a]s a direct and proximate result of the negligence and carelessness of Defendants and their representatives, Plaintiffs have suffered . . . general and special damages." (*Id.* ¶ 60.) The Andersons fail to allege, beyond mere conclusions, how PHH's alleged breach of its duties actually caused them harm.

*#10*, 966 F.2d 443, 446 (9th Cir. 1992).  It also "must be definite enough that a court can determine the scope of the duty, and the limits of performance must be sufficiently defined to provide a rational basis for the assessment of damages." *Glen Holly Entm't Inc. v. Tektronix Inc.*, 343 F.3d 1000, 1017 (9th Cir. 2003), *amended by* 352 F.3d 367 (9th Cir. 2003), (quoting *Ladas v. Cal. State Auto. Ass'n*, 19 Cal. App. 4th 761, 770 (1993)).

The Andersons allege that PHH's representatives "made numerous oral promises that Plaintiffs were under consideration for a loan modification and as a result their house would not be sold during this time." (Compl. ¶ 77.)  The Andersons "justifiably relied on the representations that Defendant's representative made to Plaintiffs' detriment." (*Id.* ¶ 78.)  In reliance on these representations, the Andersons did not pursue other options, such as bankruptcy, refinancing, or selling the Subject Property. (*Id.* ¶¶ 78–79.)

The Andersons' promissory estoppel allegations are insufficient because they have failed to adequately allege detrimental reliance.  For instance, the Andersons allege that in reliance on PHH's promises, they did not file for bankruptcy.  They allege that had they filed for Chapter 13 bankruptcy, they might have been able to bring their loan current through a reorganization plan.  However, the Court takes judicial notice of the fact that Ms. Anderson did file for Chapter 13 bankruptcy on December 28, 2011.  *See In re: Michele Anderson*, No. SA-11-27628-TA (Bankr. C.D. Cal.).  Her bankruptcy case was dismissed on April 19, 2012 after she failed to submit the necessary paperwork.  *Id*.  The Andersons have provided no explanation as to why they claim they were prevented from filing for bankruptcy even though Ms. Anderson did, in fact, file for bankruptcy.  Likewise, the Andersons' conclusory statements regarding refinancing or selling the Subject Property are insufficient because they have not alleged that they would have been successful in pursuing either of these options.  Therefore, they cannot link their injuries to their reliance on Defendants' alleged promises.

**E. UCL Violations**

The Andersons additionally bring claims for violations of the UCL. Cal. Bus. & Prof. Code § 17200, *et seq*. The UCL creates a cause of action for "any unlawful, unfair or fraudulent business act." *Id*. Each "prong" of the UCL provides a separate theory of liability. *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 731 (9th Cir. 2007). The Andersons bring claims under each prong.

The "unlawful" prong of the UCL borrows violations from other statutes or common-law causes of action and means "anything that can properly be called a business practice and that at the same time is forbidden by law." *Bank of the West v. Superior Court*, 10 Cal. Rptr. 2d 538, 545 (1992). The Andersons' UCL claims for unlawful acts are premised on their other claims. (Compl. ¶ 64.) Because those claims fail, so do their derivative UCL claims.

The Andersons also allege that "Defendants' acts and practices are likely to deceive, constituting a fraudulent business act or practice." (*Id.* ¶ 65.) A UCL claim that is premised on fraud must satisfy the Federal Rule of Civil Procedure 9(b) requirement that the circumstances of the fraud be pleaded with particularity, including the "who, what, when, where and how" of the misrepresentations. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1122 (9th Cir. 2009); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The Andersons have not met this standard. Other than very general allegations, the Complaint contains no facts regarding who made the alleged misrepresentations, when they were made, or the specific contents of the conversations. Accordingly, they have not sufficiently pleaded their fraud claims under the UCL.

Finally, the Andersons allege that "[b]y reason of Defendants [sic] unfair business practices, Plaintiffs have suffered severe financial hardship . . . ." (Compl. ¶ 67.)

California courts have applied three different standards to determine whether a business act or practice is unfair: (1) unfair conduct must be "tethered to specific constitutional, statutory or regulatory provisions," (2) unfair conduct requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim to find that the defendant's conduct is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers, or (3) unfair conduct requires that the consumer injury be substantial, the injury must not be outweighed by any countervailing benefits to consumers or competition, and it must be an injury that consumers themselves could not reasonably have avoided. *Drum v. San Fernando Valley Bar Ass'n*, 182 Cal. App. 4th 247, 257 (2010).

The Andersons' conclusory allegations are insufficient to show that Defendants' conduct was "unfair" under any of the three standards applied by California courts. They do not meet the first test, because the allegations are not tethered to any specific constitutional, statutory, or regulatory provisions. Likewise, they are not unfair under the second or third test, because the Andersons have failed to show that their injuries were caused by Defendants' practices. They allege that their reliance on PHH's statements prevented them from pursuing options such as bankruptcy or refinancing. However, as discussed in connection with their promissory estoppel claims, they have failed to allege any facts showing that their failure to pursue other options is causally connected to their injuries. Because the Andersons have not shown that they suffered any injury in reliance on PHH's statements, the balance under the second test weighs in PHH's favor. Likewise, they have failed to show that consumer injury is "substantial" under the third test.

///

///

///

### F. Accounting

Generally, "[a] right to an accounting is derivative; it must be based on other claims." *Janis v. California State Lottery Com.*, 68 Cal. App. 4th 824, 833–34 (1998). "In rare cases, an accounting can be a cause of action when a defendant has a fiduciary duty to a plaintiff which requires an accounting, and that some balance is due to the plaintiff that can only be ascertained by an accounting." *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1191 (N.D. Cal. 2009). The Andersons have not alleged that any amount is due to them, let alone that Defendants had a fiduciary duty to them.

### IV. CONCLUSION

For the foregoing reasons, and because the Andersons have not alleged any fact or presented any argument that they can cure the deficiencies by amendment, the Andersons' Complaint is **DISMISSED WITHOUT LEAVE TO AMEND**.

DATED: September 28, 2012

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE